## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT C. MEBANE,** 910 Main Street, Deale, Maryland 20751-9609, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**DECK HELMET, INC.**, 4938 Hampden Lane, Suite 235, Bethesda, Maryland 20814, a Maryland corporation,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Robert C. Mebane ("Plaintiff Mebane" or "Mebane") brings this Class Action Complaint and Demand for Jury Trial against Defendant Deck Helmet, Inc. ("Defendant" or "Deck Helmet") to stop the Defendant from violating the Telephone Consumer Protection Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Mebane, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1.     Plaintiff Robert C. Mebane is a resident of Deale, Maryland.

2.     Defendant Deck Helmet is a Maryland incorporation headquartered at Suite 235, 4938 Hampden Lane, Bethesda, Maryland 20814. Defendant Deck Helmet conducts business throughout this District and the US.

## JURISDICTION AND VENUE

3.      This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.      This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters in this District and conducts business in and from this District.

5.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

6.      As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.      When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.      By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.      The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

2

10. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

11. According to online robocall tracking service "YouMail," 4.7 billion robocalls were placed in November 2022 alone, at a rate of 158.2 million calls per day. www.robocallindex.com (last visited December 4, 2022).

12. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

13. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

14. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

15. Defendant Deck Helmet specializes in providing deck resurfacing services to consumers in and around Maryland.[3]

16. Defendant Deck Helmet makes cold calls to prospective consumers to solicit their services to the consumers.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/deck-helmet/about/

17.     Particularly, Defendant Deck Helmet uses pre-recorded voice message calls to call consumers, despite having never obtained the necessary consent required to place such calls.

18.     In fact, Plaintiff filed a TCPA case against Defendant Deck Helmet alleging unsolicited pre-recorded calls on February 23, 2022.[4] Despite that case, Defendant still placed another unsolicited pre-recorded call to his phone number.

19.     Telemarketing report website Robokiller has identified nearly 3000 calls from Deck Helmet:

## (301) 359-1191

RoboKiller users report that this phone number may be a spam call.

| | |
|---|---|
| Alternately: | +13013591191 |
| Reported Name: | |
| Reported Category: | |
| Last call: | November 14, 2022 |
| Total Calls: | 133 |
| Robokiller User Reports: | 2 [5] |

---

[4] Case: 1:2022cv00442
[5] https://lookup.robokiller.com/p/301-359-1191

# (301) 200-1611 is a Home Improvement Call

RoboKiller users report that this phone number may be a spam call.

| | |
|---|---|
| Alternately: | **+13012001611** |
| Reported Name: | **Deck Helmet** |
| Reported Category: | **Home Improvement** |
| Last call: | **October 12, 2021** |
| Total Calls: | **2,739** |
| Robokiller User Reports: | **60**      6 |

20.     A pre-recorded call that is identical to the call Plaintiff Mebane received from Defendant Deck Helmet was posted by a different consumer on the website YouMail.com:



**GET ALL INFO ON 301-359-1191**

## Typical Messages

Hello this is Dave with deck-i'm(?) calling to let you know about that thomas(?) end of the month make a sale today only. No reasonable offer will be refused able to get your best price today. Call now to get your end of the month additional discount. Call 1855.

7

21.     There are numerous complaints posted online about unsolicited telemarketing calls that consumers received from Defendant Deck Helmet, including pre-recorded voice message calls, for instance:

---

6 https://lookup.robokiller.com/p/301-200-1611
7 https://directory.youmail.com/phone/301-359-1191

- "Did not answer but this was Deck Helmet with a pre-recorded voicemail."[8]

- "Called again and "Carl" started to leave a message and stopped when he realized the answering machine answered the call .  Whitepages.com  shows high spam level for this number.  One user said it was Deck Helmet."[9]

- "Continued calls from this number.  "DECK HELMET" -  I had previous experience with multiple calls from different numbers to this "company".  I told them I would be notifying the FCC and FTC.  Calls stopped for over a year, and  now.. here they go again.... idiots."[10]

- "Deck Helmut automated ROBO-SPAM CALL MESSAGES. They have called & RE-called me 28 times, so far just today! They call similar to this nearly every day since I've blocked their text messages and this started. They are ROBO-SPAM calling up to 5 blocked calls per minute, my phone just goes crazy. This all began after me contacting them for a generalized price estimate for my deck. They were so forceful about needing to physically come over to give me an estimate I told them I'd call them back if I wanted them to come by. They pushed so much I had to get rude to get off the phone.
  Since then, they began to text me frequently, and I don't recall ever giving them permission to. I replied for them to "STOP." Since then, they've been spam calling like this and I've been reporting them everywhere.
  28 TIMES TODAY ALONE THEY CALLED (blocked by AT&T call protect app)!"[11]

- "Caller Name: Deck Helmet – Maryland
  Annoying unsolicited robocall. Have never done business w/them. Never will now."[12]

## PLAINTIFF MEBANE'S ALLEGATIONS

22.     Plaintiff Mebane registered his residential phone number on the DNC on May 4, 2005.

23.     Plaintiff's number is for personal use and not associated with a business.

---

[8] https://800notes.com/Phone.aspx/1-301-200-1611
[9] *Id.*
[10] *Id.*
[11] https://800notes.com/Phone.aspx/1-301-200-1611
[12] https://lookup.robokiller.com/p/301-200-1611

24.     On November 10, 2022 at 5:58 PM, Plaintiff Mebane received an unsolicited pre-recorded call to his residential phone number from 301-359-1191, despite having already filed a TCPA lawsuit[13] that was settled against Defendant Deck Helmet.

25.     Based on an investigation conducted by Plaintiff's attorneys, when 301-359-1191 is called, it leads to an automated system owned/operated by Defendant Deck Helmet.

26.     Plaintiff was not looking for deck resurfacing service or any related home improvement services and did not give consent to Defendant or its agents to call his phone.

27.     The unauthorized solicitation telephone call that Plaintiff received from or on behalf of Defendant have harmed Plaintiff Mebane in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

28.     Seeking redress for these injuries, Plaintiff Mebane, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

29.     Plaintiff Mebane brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

>   **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Deck Helmet called on their cellular or residential landline telephone number (2) using an artificial or pre-recorded voice.

30.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's

---

[13] Case: 1:2022cv00442

attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Mebane anticipates the need to amend the Class definition following appropriate discovery.

31.     **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

32.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a)     whether Defendant Deck Helmet or its agents placed pre-recorded voice message calls to Plaintiff Mebane and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b)     whether the calls constitute a violation of the TCPA;

(c)     whether Class members are entitled to an injunction against Defendant preventing it from making unsolicited prerecorded calls; and

(d)     whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

33.     **Adequate Representation**: Plaintiff Mebane will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Mebane has no interests antagonistic to those of the Class, and the Defendant has

no defenses unique to Plaintiff. Plaintiff Mebane and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Mebane nor his counsel have any interest adverse to the Class.

34.     **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Mebane. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Mebane and the Pre-recorded No Consent Class)**

35.     Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

36.     Defendant Deck Helmet and/or its agents transmitted unwanted telephone calls to Plaintiff Mebane and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

37.    These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Mebane and the other members of the Pre-recorded No Consent Class.

38.    The Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Mebane and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b)    An award of actual and/or statutory damages and costs;

c)    An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)    An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)    Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Mebane requests a jury trial.

**ROBERT C. MEBANE**, individually and on behalf of all others similarly situated,

DATED this 13th day of December, 2022.

10

By: /s/ John McGowan
Managing Member
Kinner & McGowan, PLLC
413 East Capital St. SE
Washington, DC 20003
(202) 846-7148
jmcgowan@kinnermcgowan.com
kinnermcgowan.com

*Local Counsel for Plaintiff and the putative Class*

Avi R. Kaufman, Esq.*
**KAUFMAN P.A.**
237 South Dixie Highway, Floor 4
Coral Gables, FL 33133
kaufman@kaufmanpa.com
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*
*\*Pro hac vice forthcoming*